## DODD *et al.* v. OZBURN *et al.*

1. In this State a tenant can sublet only with the landlord's consent, and the terms and conditions of the subtenant's right to possess and enjoy the use of the demised property must be found in the landlord's permission. Permission to sublet in these words: "I would not have any objection to your subletting the whole or any part [of the prem-

ises] to a reputable business concern, which would not affect the property, but I would not allow any part of the premises to be sublet for a saloon or liquor purpose," authorizes the conduct of a lawful business other than a saloon, in the demised tenement, by a subtenant of reputable business character, even though the insurance rate on the building may be advanced because of the nature of the business carried on.

2. If the landlord's permission to sublet authorizes the subtenant to pursue a particular business in the demised tenement, the landlord has no cause of complaint that the rates of insurance on his adjoining property may be advanced on account of the use to which the demised tenement is put.

Argued February 22,—Decided May 17, 1907.

Petition for injunction. Before Judge Pendleton. Fulton superior court. December 26, 1906.

The plaintiffs, G. T. Dodd and Mrs. A. D. Warren, are the owners of certain property on Mitchell street, in Atlanta, which they leased to S. A. Ozburn and R. B. Martin, with permission to sublease the premises with certain restrictions. Ozburn and Martin sublet the premises to the Southern Auto & Equipment Company, who established therein a garage, and are conducting a business of hiring out and repairing automobiles. In the conduct of this business a certain quantity of gasoline is kept in the building, which has increased the fire hazard, and advanced the insurance rate not only on the building leased, but also on adjoining property owned by the plaintiffs, in a stated amount, approximating two per cent. The business which the sublessee was conducting was alleged to be in violation of the terms of the lease contract and the permission to sublet, and it was sought to enjoin the subtenants from conducting in the building the business of hiring out and repairing automobiles. The court refused a temporary injunction, and the plaintiffs excepted.

*J. E. Warren* and *J. H. Pitman,* for plaintiffs.

*Dorsey, Brewster, Howell & Heyman* and *C. W. Smith,* for defendants.

Evans, J. (After stating the facts.)

1. The principal question in this case is, does such a use of premises by a subtenant as increases the rate of insurance approximately two per cent. violate a permission to sublet, stated in the following terms: "I would not have any objection to your subletting the whole or any part [of the premises] to a reputable business concern, which would not affect the property, but I would not allow any

part of the premises to be sublet for a saloon or liquor purpose?"
At common law the tenant could sublet the demised premises, or
put them to any use the owner might have done, except that he must
do no act to the injury of the inheritance. 1 Taylor's Landlord &
Tenant (9th ed.), § 172; Presby v. Benjamin, 169 N. Y. 378. This
right may be qualified in the lease; and where the lease contains
restrictive covenants relative to the use of a building, they are to be
construed most strongly against the covenant. McAdam's Landlord
& Tenant, § 139; Id. § 491. In this State a tenant can not sublet
without the landlord's consent. If the tenant sublets with the land-
lord's consent, the terms upon which the subtenant's right to pos-
sess and enjoy the use of the property must be found in the land-
lord's permission. The landlord's assent to a sublease in this case
involved three conditions: (1) it might be sublet only to a reputable
business concern; (2) such subletting must not affect the property,
and (3) it must not be used as a saloon. There is nothing in the
evidence from which it could even be implied that the subtenants
were not a reputable business concern; and as the premises are be-
ing used as a garage for automobiles, it only remains to inquire if
such use will "affect the property."

The rate of insurance on the building has been advanced approxi-
mately two per cent., because of the establishment of a garage there-
in, and it is insisted that this increase of insurance tariff seriously
affects the property. If the common law controlled this subtenancy,
the lease would not be vacated nor the subtenant's use of the prem-
ises as a garage be enjoined. For there is nothing in the evidence
to justify the conclusion that such a use is either a nuisance or in-
jures the inheritance. In other words, the use was lawful, and the
landlord was bound to contract against any specific lawful use to
which he did not wish the demised premises put. The landlord's
consent in this case gives the tenant substantially the same right
as to subletting which a tenant had at common law, with the re-
strictive covenant against using the premises for a saloon. We
think that the stipulation that the subletting must not affect the
property, considered by itself or in connection with the circum-
stances attending the execution of the lease, meant that the use must
not affect the physical condition of the property. It could not have
referred to the character of the tenant, because there was a stipula-
tion on that point; nor could it have referred to the character of

the business, since the landlord, in making a restriction as to the use to which it might be put, limited the restriction to a saloon. When we look to the negotiations which led up to the lease, wherein the tenant informed the landlord that he was undecided to what use the premises might be put, and suggested several businesses which might be conducted in the building, some of which would increase the insurance rate, and no restriction as to use was inserted in the lease, we may easily conclude that the rate of insurance was not a factor in determining whether any particular lawful business would affect the property. This is rendered more certain when it is considered that the prior use of the building had been for storage, and the rent promised in this lease was largely in excess of what had been previously received.

2. The court would not permit the plaintiffs to prove that the rate of insurance on adjacent buildings owned by them, and on their tenant's merchandise contained therein, had been increased on account of the demised premises being used as a garage. If the business conducted in the demised premises was authorized by the landlords' permission, then, of course, they will not be heard to complain of the effect of such business on the rate of insurance on the adjoining property.

*Judgment affirmed. All the Justices concur.*